**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RODNEY WILLIAMS,

                                        Plaintiff,

            - v -                                       Civ. No. 9:17-CV-0709
                                                              (DNH/DJS)

BRIAN MCGIBBONS; SHEILA ROUSSELL;
and JOHN DOE,

                                        Defendants.

**APPEARANCES:**                         **OF COUNSEL:**

RODNEY WILLIAMS
Plaintiff, *Pro Se*
Livingston Correctional Facility
7005 Sonyea Rd.
Sonyea, New York 14556

HON. ERIC T. SCHNEIDERMAN              MATTHEW P. REED, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

    *Pro se* Plaintiff Rodney Williams brings this civil rights action pursuant to 42 U.S.C. § 1983

alleging that Defendants were deliberately indifferent to his safety in violation of the Eighth

Amendment. Dkt. No. 1, Complaint ("Compl."). Currently pending before the Court is Defendants'

Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6), based upon Plaintiff's

alleged failure to properly allege that Defendants were deliberately indifferent to Plaintiff's safety.

Dkt. No. 21, Defs.' Mot. to Dismiss. For the reasons that follow, this Court recommends granting

the Motion.

## I. PROCEDURAL BACKGROUND

Plaintiff initiated this action in June of 2017 while he was incarcerated at Cape Vincent Correctional Facility. Compl. at p. 2. Accompanying that filing was a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") and an Inmate Authorization form. Dkt. Nos. 2 & 3. On August 30, 2017, the Honorable David N. Hurd, United States District Judge, reviewed Plaintiff's filings and issued a Decision and Order. Dkt. No. 6. Judge Hurd determined that Plaintiff met the requirements for proceeding IFP and granted his application. *Id.* at p. 2. In accordance with 28 U.S.C. §§ 1915(e) and 1915A, Judge Hurd then performed a *sua sponte* initial review of Plaintiff's pleading.

Following the initial review conducted by Judge Hurd, Plaintiff's sole remaining claims are: (1) Eighth Amendment failure to protect claims against Defendants Brian McGibbon[1] and Sheila Roussell; and (2) Eighth Amendment excessive force claims against Defendant John Doe. Dkt. No. 6 at pp. 11-13.

Presently before the Court is Defendants' Motion for Dismissal pursuant to Fed. R. Civ. P. 12(b)(6), solely addressing the failure to protect claim against Defendants Brian McGibbon and Sheila Roussell.[2]

## II. FACTS

Plaintiff alleges misconduct by Defendants McGibbon and Roussell that occurred while he was incarcerated at Franklin Correctional Facility ("Franklin C.F."). The following facts are set forth

---

[1] The Complaint identifies this individual as Defendant "McGibbons." Defendants advise that this name is properly spelled "McGibbon"; this spelling will be used throughout this decision. Defs.' Mot. to Dismiss at p. 1.

[2] Although the Eighth Amendment excessive force claim against Defendant John Doe survived initial review, Plaintiff has never identified or served the John Doe Defendant.

as alleged by Plaintiff in his Complaint: On August 25, 2016, Plaintiff was working in the tailor shop at Franklin C.F. when he got into a verbal argument with another inmate, Inmate Sweeney. Compl. at pp. 9-10.[3] At the time, Defendants McGibbon and Roussell were supposed to be supervising the tailor shop, but neither of them were at their assigned posts. *Id*. at pp. 10-11. Defendants McGibbon and Roussell had first hand knowledge that Inmate Sweeney had mental health issues. *Id*. at pp. 11-12. Plaintiff also alleges that Inmate Sweeney had tested positive for "an illegal drug." *Id*. at p. 11.

Plaintiff tried to defuse his argument with Inmate Sweeney on his own, but Inmate Sweeney threatened to harm Plaintiff, and eventually attacked him by striking him in the head, requiring Plaintiff to defend himself. *Id*. at pp. 12-14. Inmate Sweeney had metal scissors and a metal hem opening pick, which were his assigned tools, and when Plaintiff tried to defend himself, Inmate Sweeney used the tools to cut Plaintiff's left forearm and left bicep muscle, leaving a blunt hole. *Id* at p. 15.

When Defendant McGibbon returned to the tailor shop, he saw Plaintiff defending himself, separated Plaintiff and the other inmate, placed Plaintiff in handcuffs, and accused Plaintiff of being the aggressor. *Id*. at pp. 21-22. Plaintiff was then taken out of the tailor shop and escorted to the medical building where he was searched, photographed, and allowed to wash the blood from his arm. *Id* at p. 23. Plaintiff was given butterfly stitches and aspirin for his injuries. *Id*.

Construing the Complaint liberally, Plaintiff alleges that Defendants McGibbon and Roussell failed to protect him from known danger in violation of his rights under the Eighth Amendment to the United States Constitution.

---

[3] Because the pages in the Complaint are not all sequentially numbered, references herein to the Complaint are to the page numbers assigned by the court's CM/ECF system.

### III.  STANDARD OF REVIEW

On a motion to dismiss, the allegations of the complaint must be accepted as true.  *See Cruz v. Beto,* 405 U.S. 319, 322 (1972).  The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir. 1980).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer,* 468 U.S. 183 (1984)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *See Retail Clerks Intern. Ass'n, Local 1625, AFL–CIO v. Schermerhorn,* 373 U.S. 746, 754 (1963); *see also Arar v. Ashcroft,* 532 F.3d 157, 168 (2d Cir. 2008).  Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. at 697 (citing *Twombly* ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678.  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  In this respect, to survive

dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims ... across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. at 679–80.

With this standard in mind, I consider the plausibility of Plaintiff's Complaint.

## IV. PLAINTIFF'S EIGHTH AMENDMENT CLAIMS

Eighth Amendment obligations include the duty to protect prisoners from known harms. *Farmer v. Brennan*, 511 U.S. 825, 829 (1970); *Matthews v. Armitage,* 36 F. Supp. 2d 121, 124 (N.D.N.Y.1999). "The Constitution does not mandate comfortable prisons but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. at 832 (internal citations and quotation marks omitted). Where the inmate is alleging "a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 31–32 (1993)); *see also Matthews v. Armitage*, 36 F. Supp. 2d at 124 (same).

As with other Eighth Amendment claims, a "plaintiff must satisfy both an objective test and

a subjective test." *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996). In order to state a cognizable failure to protect claim, (1) "the inmate [must be] incarcerated under conditions imposing a substantial risk of serious harm," and (2) the prison official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Matthews v. Armitage*, 36 F. Supp. 2d at 124–25 (citing *Farmer v. Brennan*, 511 U.S. at 834). For example, Plaintiff may establish a constitutional claim by alleging that the "substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past," and that the officials being sued were "exposed to information concerning the risk and thus, must have known about it." *Farmer v. Brennan*, 511 U.S. at 842 (internal quotation marks omitted).

Plaintiff alleges an Eighth Amendment violation because (1) Defendants were allegedly not present at their assigned positions to supervise the tailor shop; and (2) Defendants were aware of Inmate Sweeney's unidentifiable mental health issues, yet left Plaintiff and Inmate Sweeney in the tailor shop despite a possible danger to Plaintiff.

## A. Objective Prong

In regard to the first prong, the objective prong, Plaintiff has failed to allege sufficient facts to establish an Eighth Amendment violation because he does not plausibly allege that the lack of supervision in the industrial tailor shop posed a substantial risk of serious harm. Courts have found that "a substantial risk of harm can only be demonstrated where there is evidence of a previous altercation between a plaintiff and his attacker, coupled with a complaint by plaintiff regarding the altercation or a request by plaintiff to be separated from the attacker." *Dublin v. New York City Law*

*Dep't*, 2012 WL 4471306, at *5 (S.D.N.Y. Sept. 26, 2012) (citing *Desulma v. City of New York*, 2001 WL 798002, at *6 (S.D.N.Y. July 6, 2001)).  A failure to protect claim based solely on a lack of supervision will not suffice to meet the objective standard, unless the supervising officers were on notice of a threat to the inmate.  *See Brown v. Budz*, 398 F.3d 904 (7th Cir. 2005) (finding the plaintiff had sufficiently pled prison guards were on notice where the guards allowed a prisoner with a known propensity for attacking white inmates unsupervised access to a dayroom occupied by the white detainee).  The mere fact that inmates are left unsupervised is not sufficient to establish that the inmates were exposed to a substantial risk of harm.  *Id.*; *see Dublin v. NYC Law Dep't,* 2012 WL 4471306, at *5 (finding no substantial risk given lack of threats of violence prior to attack); *Jaipersaud v. A.R.D.C. Bldg. #C-74*, 1996 WL 1086521, *2-3 (E.D.N.Y. June 19, 1996) (granting motion to dismiss on plaintiff's failure to protect claim, where the plaintiff alleged that he would not have been attacked by a fellow prisoner if a corrections officer had been present).

Here, Plaintiff makes no claims that there were previous altercations with Inmate Sweeney, threats of violence, or any other indications that he faced a risk of imminent harm, of which Defendants should have been aware.  Compl. at pp. 11-12.  Further, Plaintiff alleges only threadbare allegations in regard to Defendants' notice of Inmate Sweeney's mental health issues, and does not allege that Defendants knew Inmate Sweeney had a propensity to act violently towards Plaintiff because of these mental health issues.  *Id.*  Despite  Defendants' lack of supervision, Plaintiff has failed to identify any plausible facts demonstrating that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that they]. . . dr[ew] that inference."  *Farmer v. Brennan*, 511 U.S. at 834; *see also Skinner v. Cunningham*, 2003 WL 21994759, at *6 (D.N.H. Aug. 20, 2003) (granting motion for summary judgment where defendants

placed inmates in an exercise yard where they knew the video camera could not effectively monitor the inmates, but there was no evidence that defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that they] . . . dr[ew] that inference.") (quotation marks and citation omitted).   Therefore, based on Defendants' lack of supervision of the tailor shop despite knowledge of Inmate Sweeney's alleged mental health issues, Plaintiff has not alleged facts to suggest that there was a substantial risk from the conduct alleged, and cannot meet the objective prong of deliberate indifference.

### B.  Subjective Prong

Even if the court were to assume Plaintiff could meet the objective prong, he has failed to plead sufficient facts to establish the actual knowledge component of the subjective prong because he does not allege that Defendants knew or should have known that an altercation was likely to occur based on the alleged lack of supervision or Inmate Sweeney's unidentified mental health issues. *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 358 (S.D.N.Y. 2010); *see also Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y.2013) ("In this case, it is unnecessary to decide whether the plaintiff has satisfied the objective prong of *Farmer* because he has failed to satisfy the subjective prong.") (citation omitted).

First, Plaintiff concedes that Defendants were not physically present when the altercation took place.  Compl. at pp. 12-13.  Based on Plaintiff's own allegations, therefore, the subjective prong is not met because Defendants lacked knowledge of the altercation since they were not present to perceive the risk.  *Id*.  Further, upon Defendant Roussell's return to the tailor shop, she immediately intervened and instructed Plaintiff and Inmate Sweeney to stop fighting, yet Plaintiff continued the altercation by refusing to release Inmate Sweeney and twisting Inmate Sweeney's

wrist. Compl. at pp. 17-18; *see Farmer v. Brennan*, 511 U.S. at 844 ("In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.").

Second, Plaintiff claims that Defendants should not have left the tailor shop unsupervised because Plaintiff was at risk of serious harm based on Inmate Sweeney's mental health and drug use. Compl. at pp. 11-12. Plaintiff alleges that a month prior to the described altercation, Inmate Sweeney had tested positive for the use of an illegal drug, and that Defendants were aware that Inmate Sweeney is a known mental health patient who receives medication for his mental health issues. *Id*. at p. 11. However, merely alleging that an inmate has a mental health issue for which he is seeking treatment or that he had taken an illegal drug a month before the incident is certainly not sufficient for Eighth Amendment purposes. Plaintiff has not sufficiently alleged a link between Inmate Sweeney's alleged condition and any risk to Plaintiff. Nor has he alleged any past altercations with Inmate Sweeney that resulted because of these alleged conditions. *See Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d at 363 (finding no deliberate indifference where "the Complaint does not allege that the defendants knew of any threats made against the plaintiff or that the plaintiff had been involved in any prior altercations"); *Coronado v. Goord*, 2000 WL 1372834, at *5 (S.D.N.Y. Sept. 25, 2000) (finding supervisors not liable because they were not aware that the plaintiff had previously been assaulted or that he felt at risk). Because Plaintiff fails to allege facts that suggest that Defendants were aware of a risk of harm to Plaintiff based on Inmate Sweeney's mental health issues, "[t]he mere fact that the other inmate was unsupervised is not sufficient to establish that the defendants knew that plaintiff would be attacked." *Henry v. Smith*, 1992 WL 210129, at *1 (E.D. Pa. Aug. 19, 1992).

Consequently, the conduct Plaintiff describes leading up to the attack is insufficient to establish a substantial risk of serious harm, as Defendants were not "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and did not "draw the inference." *Farmer v. Brennan*, 511 U.S. at 837.  Further, Plaintiff's Complaint alleges wholly conclusory facts that do not meet the subjective prong of deliberate indifference. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.  For all the foregoing reasons, it is recommended that Defendants' Motion be granted and that Plaintiff's failure to protect claim be dismissed.

## V.  SERVICE OF PROCESS

The Court notes that if the above recommendations are adopted, the remaining Defendant to this action will be a John Doe Defendant, apparently a Corrections Officer at Franklin Correctional Facility.  The U.S. Marshals, however, cannot effect service on a John Doe defendant. The Second Circuit has instructed that district courts should assist incarcerated *pro se* plaintiffs in identifying John Doe defendants. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (explaining that a "district court may pursue any course that it deems appropriate to a further inquiry into the identity" of a John Doe defendant in assisting a *pro se* plaintiff).

In this case, Plaintiff has identified the date and specific location of the alleged incident, as well as the role the John Doe Defendant is alleged to have played.  Pursuant to *Valentin v. Dinkins*, the Court requests that the New York State Attorney General's Office, which has appeared on behalf of Defendants, attempt to ascertain the full name of the John Doe Defendant that was on duty at the place and date identified by Plaintiff in his Complaint. The Attorney General's Office is also requested, to the extent that it is able to identify the John Doe Defendant, to provide the address where that Defendant can currently be served.  The Attorney General's Office need not undertake

*-10-*

to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendant as

instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the information specified above, to the extent that it can, regarding the identity of the John Doe Defendant within thirty (30) days of the filing date of this Report Recommendation and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Report-Recommendation and Order, as well as to Plaintiff at his address of record.

## VI. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss under Rule 12(b)(6) be **granted**, based upon the failure of Plaintiff state a cognizable claim under the Eighth Amendment, and that such a dismissal be with prejudice; and it is further

**ORDERED** that, to the extent possible, the New York State Attorney General's Office is hereby requested to produce the information specified above regarding the identities of the John Doe defendant within thirty (30) days of the filing date of this Report Recommendation and Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

*-11-*

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:    May 7, 2018
         Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C)