**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

RODNEY WILLIAMS,

                                Plaintiff,

    - v -                                                                    Civ. No. 9:17-CV-0709
                                                                           (DNH/DJS)

BERNARD BRADLEY,

                                Defendant.
_____

**APPEARANCES:**                                           **OF COUNSEL:**

RODNEY WILLIAMS
Plaintiff, *Pro Se*
10-A-3938
Queensboro Correctional Facility
47-04 Van Dam Street
Long Island City, NY 11101

HON. LETITIA JAMES                          MATTHEW P. REED, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION AND ORDER

*Pro se* Plaintiff Rodney Williams brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Following prior proceedings in this matter, Defendant Bernard Bradley is the sole remaining Defendant. *See* Dkt. Nos. 1, Compl. & 47 (order granting leave to substitute Defendant Bradley for previously named John Doe Defendant). Presently pending is Defendant's Motion to Dismiss the

Complaint, pursuant to FED. R. CIV. P. 12. Dkt. No. 56. The Motion was filed on November 16, 2018. *Id.* Plaintiff's response was due on December 17, 2018. Dkt. No. 57. Despite several extensions, Dkt. Nos. 58 & 60,[1] Plaintiff has not filed a response to the Motion. For the reasons which follow, the Court recommends that the instant Motion to Dismiss be denied, but that the Complaint nonetheless be dismissed pursuant to FED. R. CIV. P. 41 based on Plaintiff's failure to prosecute.

## I. DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12

### A. Legal Standard

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "the court reads the facts alleged in the complaint, assumes the truth of those facts, and decides whether those facts state a claim under the applicable legal standard." *Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, 797 F.3d 229, 235 (2d Cir. 2015). In doing so, the court draws all inferences in favor of the plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006). "When considering motions to dismiss a *pro se* complaint such as this, 'courts must construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests.'" *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)) (internal alterations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

---

[1] Both of these Orders have been returned as undeliverable. Dkt. Nos. 59 & 61.

*v. Iqbal*, 556 U.S. 662, 678 (2009)  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B. Analysis of Defendant's Motion

Plaintiff alleges that Defendant Bradley "placed his arm around my throat and started choking me saying that I had a big mouth."  Compl. at ¶ 37.  Eighth Amendment excessive force claims, such as this, have both objective and subjective elements.  *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999).  "The objective component of a claim of cruel and unusual punishment focuses on the harm done, in light of 'contemporary standards of decency.'"  *Wright v. Goord*, 554 F.3d at 268 (quoting *Hudson v. McMillian*, 503 U.S. at 8).  "The subjective component of the claim requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct."  *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016)

Defendant seeks dismissal of the Complaint contending that this allegation fails to establish either the objective or subjective element.  Dkt. No. 56-1, Def.'s Mem. of Law at pp. 5-7. Defendant contends that the complaint fails to allege an injury and thus fails to state a claim.  *Id.* at p. 5.  This alone is no basis for dismissal because "[w]hile Plaintiff does not identify specific injuries that he suffered as a result of this incident, [Defendant's] actions may constitute excessive force nonetheless because 'the use of

3

entirely gratuitous force is unreasonable and therefore excessive.'" *France v. Cty. of Westchester*, 2016 WL 1270259, at *8 (S.D.N.Y. Mar. 30, 2016) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 99 n.5 (2d Cir. 2010)). Nor does the Court agree that the allegation that Bradley choked Plaintiff with his arm around Plaintiff's throat while commenting on Plaintiff's behavior, Compl. at ¶ 37, lacks sufficient detail. The Court also disagrees that, at least at this preliminary stage, Plaintiff has not sufficiently alleged facts that could be sufficient to establish the subjective prong. Plaintiff alleges that Defendant commented on Plaintiff's "big mouth" while choking him. *Id.* While perhaps "very thin" the Court recommends that this is sufficient at this stage to demonstrate that Defendant may have been acting with a malicious motive. *See Lewis v. Johnson*, 2010 WL 3785771, at *9 (N.D.N.Y. Aug. 5, 2010), *report and recommendation adopted*, 2010 WL 3762016 (N.D.N.Y. Sept. 20, 2010) (citing cases).

Based on the allegations made again the Defendant "the Court cannot say - at least at the motion-to-dismiss stage - that this force was applied 'in a good faith effort to maintain or restore discipline,' rather than 'maliciously or sadistically' to cause harm." *France v. Cty. of Westchester*, 2016 WL 1270259, at *8 (quoting *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)); *see also Pesola v. City of New York*, 2016 WL 1267797, at *8 (S.D.N.Y. Mar. 30, 2016) ("At the motion to dismiss stage, it is often difficult for a court to assess whether a complaint's allegation of the degree of force utilized by a law enforcement officer meets the pleading threshold for an actionable claim.").

The Court recommends that the Motion to Dismiss be denied.

4

## II.  DISMISSAL UNDER FED. R. CIV. P. 41

The Court nonetheless, however, recommends that this case be dismissed based on Plaintiff's failure to prosecute.  As noted above, Defendant's Motion to Dismiss was filed on November 16, 2018 and a response was originally due December 17, 2018.  Dkt. Nos. 56 & 57.  On December 27, 2018, after Plaintiff failed to respond to the Motion, the Court *sua sponte* extended Plaintiff's time to respond to January 31, 2019.  Dkt. No. 58.  Notice of that extension was mailed to Plaintiff at his last known address on filed with the Court, Queensboro Correctional Facility, but was returned as undeliverable.  Dkt. No. 59.  It appears that Plaintiff had been released from DOCCS custody on December 27, 2018.   *See*   http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120   (last visited May 7, 2019).  On March 29, 2019, the Court issued an Order again extending Plaintiff's time to respond to May 1, 2019.  Dkt. No. 60.  That Order advised Plaintiff that a failure to respond could result in dismissal of this Complaint.  *Id.*  That Order was also returned as undeliverable.  Dkt. No. 61.

To date, the Court has not received a response by Plaintiff to the Defendant's Motion nor any notification that he has changed his address. In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address**." (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted). Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its

docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The Court has not had any communication from Plaintiff since September 2018. Dkt. No. 53. Plaintiff has been released from custody, but not provided the Court with an updated address. As a result, the Court has no means by which to effectively communicate with him. Plaintiff's failure to provide an updated address or to oppose a dispositive motion evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendant of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply. Any further warnings to Plaintiff would naturally fall on deaf ears as the Court has no way of contacting him. The Court also finds that Defendant is likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action.

7

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, I recommend that this action be dismissed.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 56) be **DENIED**; but it is further

**RECOMMENDED**, that the case be **DISMISSED** under FED. R. CIV. P. 41; and it is further

**RECOMMENDED**, that the Amended Complaint be **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action. The Report-Recommendation shall be served upon Plaintiff at his last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[2] **WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 14, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).